IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDY BUCHANAN,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. C 10-00092 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND SUBSTITUTING THE UNITED STATES OF AMERICA AS DEFENDANT AND VACATING HEARING**

## INTRODUCTION

In this tort action, defendant moves to substitute the United States of America as defendant in place of Victoria Bennett under the Federal Torts Claim Act, 28 U.S.C. 2679. Plaintiff does not oppose defendant's motion for substitution. Defendant moves to dismiss the personal injury complaint for lack of subject matter jurisdiction under FRCP 12(b)(1) and (6). Plaintiff does not oppose defendant's motion for dismissal. For the following reasons, defendant's motions are **GRANTED**.

Plaintiff requests leave to amend the complaint to plead facts in support of the doctrine of equitable tolling. For the following reasons, plaintiff's request is **DENIED**. The hearing set for Thursday, March 4, 2010, is **VACATED**.

## STATEMENT

Sandy Buchanan and Victoria Bennett were involved in an automobile accident on August 1, 2007. When the automobile accident occurred, Ms. Bennett was acting within the

scope of her federal employment with the National Credit Union Administration (Dkt. No. 2). Plaintiff filed a complaint against Ms. Bennett in Contra Costa Superior Court on July 31, 2009. The state court action was removed to the United States District Court on January 7, 2010. On January 12, defendant filed the instant motion to dismiss and request to substitute the United States as defendant. As of January 12, over two years after the motor vehicle accident at issue, the NCUA had not received an administrative claim from plaintiff (Decl. ¶ 4). The opposition asserts that the filings by the United States constituted plaintiff's first notice that Ms. Bennett was a federal employee.

## ANALYSIS

### 1. SUBSTITUTION OF THE UNITED STATES AS DEFENDANT.

Under 28 U.S.C. 2679(d)(2), once a defendant is certified as acting within the scope of federal employment during the incident in question, such a claim will be considered an action against the United States. Section 2679(d)(2) expressly states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Ms. Bennett has been certified by the Attorney General as having been acting within the scope of her federal employment during the incident alleged in the complaint (Dkt. No. 2). Accordingly, the request to substitute the United States as defendant in the instant action is **GRANTED**.

### 2. MOTION TO DISMISS.

A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.

2

1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

Under FRCP 12(b)(1), a court should dismiss a complaint where there is no subject-matter jurisdiction. A district court has no subject-matter jurisdiction over a tort action against the United States unless the plaintiff has first presented a claim to the appropriate agency, and either (1) the claim was "finally decided" in writing, or (2) six months have passed since the claim was submitted. The FTCA expressly provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).

It is undisputed that plaintiff did not file a claim to the appropriate Federal agency in accordance with the FTCA. Plaintiff does not oppose defendant's motion to dismiss. Plaintiff in fact states that "Ms. Buchanan does not and cannot allege exhaustion of administrative remedies prior to filing of suit" (Opp. 3). Accordingly, defendant's motion to dismiss is **GRANTED**.

### 3. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND.

FRCP 15(a) establishes that after a response to the complaint has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The district court "may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

*Zucco Partners LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009). In assessing these factors, all inferences should be made in favor of granting the motion. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The final factor, whether the proposed amendment would be futile, is applicable to the instant case. An "amendment should not be barred as futile if the underlying facts may be a proper subject of relief." *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). But the amendment must also be able to survive a motion to dismiss. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff requests leave to amend in order to assert facts to show that she was unaware that Ms. Bennett was a federal employee and is therefore entitled to equitable tolling of the two-year claim presentation requirement under 28 U.S.C. 2401(b). Section 2401(b) states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiff's opposition contends that in the instance where the claimant does not know or have reason to know that the FTCA is applicable, baring claims after the two-year statute period has run "would be tantamount to denying claimant a remedy" (Opp. 5). Plaintiff's claim, however, is not time-barred. Under 28 U.S.C. 2679(d)(5), in an action where the United States is substituted as defendant and the claim is dismissed for failure to present the required administrative claim, such a claim will be considered timely if:

> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. 2679(d)(5)(A) and (B). Plaintiff filed this action in state court on July 31, 2009, within the two-year deadline. As stated above, this order grants defendant's motion to dismiss and request to substitute the United States as defendant as unopposed. Under Section 2679, plaintiff will have sixty days after dismissal to file the appropriate administrative claim. Therefore, the

4

request for leave to amend to present facts that plaintiff was unaware of the applicability of the FTCA is unnecessary. Since plaintiff's claim is not time-barred, it is unnecessary for this order to address the argument of equitable tolling.

Additionally, leave to amend is not proper where the amendment cannot survive a motion to dismiss. Even if plaintiff were able to assert facts to toll to two-year FTCA deadline, plaintiff would still be required to exhaust her administrative remedies under 28 U.S.C. 2675(a) by filing a claim within the new sixty-day deadline. Such a claim must be "finally denied" by the Federal agency before this Court could have jurisdiction. Accordingly, even the proposed amended complaint would fail to survive a motion to dismiss under FRCP 12(b)(1) and (6).

For the reasons stated above, plaintiff's request for leave to amend is **DENIED**.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction and substitute the United States as defendant in place of Victoria Bennett is **GRANTED**. Plaintiff's request for leave to amend is **DENIED.** Plaintiff should be advised that the deadline to file an administrative claim with the appropriate federal agency is sixty days after the dismissal of this action. The hearing set for Thursday, March 4, 2010, is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE